**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**TREMAIN THOMPSON,**

       **Plaintiff,**

v.                                                       **Case No. 05-3470 - JWL**

**JEFF HOOPER,**
*Administrator of Riley County Jail*

       **Defendant.**

**MEMORANDUM AND ORDER**

On April 25, 2006, this court entered summary judgment against Mr. Thompson and dismissed all three of his civil rights claims against Mr. Hooper, Administrator of the Riley County Jail. Mr. Thompson's complaint alleged deprivations of constitutional rights based on jail officials opening clearly marked legal mail, refusing him access to legal materials, and denying him the right to freely exercise his religion. Although he has since been transferred, the events surrounding all three claims allegedly occurred while he was incarcerated in the Riley County Jail.

This matter comes before the court on plaintiff's motion to reconsider (doc. 32), which he filed it on May 22, 2006. He purports that his motion is to construed under Fed. Rule Civ. Pro. 59(e). In his motion, Mr. Thompson urges the court to vacate its final judgment because of newly discovered evidence relating to his free exercise of religion claim. For the reasons

1

explained below, however, the motion to reconsider is denied.

## Background

Mr. Thompson was incarcerated in the Riley County Jail sometime near November 2005. Initially, he was classified as a medium security prisoner and placed in the general population of the jail. But following his battery of another inmate, which he has not disputed, he was transferred to a restricted pod and segregated from the other inmates.[1]

While housed in a restricted pod of the jail, Mr. Thompson filed written complaints regarding three issues: (1) on two separate occasions, he received clearly marked legal mail that was already opened; (2) he was not provided copies of state and federal statutes or permitted to access a law library; and (3) he was denied the right to attend the jail's church services.

Mr. Hooper responded to each of these allegations, and in his favor the court granted summary judgment as a matter of law. Mr. Thompson's motion to reconsider only pertains to the free exercise of religion claim, so this memorandum is constrained to that issue alone. As to that claim, Mr. Hooper admitted in his summary judgment briefing that he did not allow Mr. Thompson, a declared Muslim, to attend church services. But he stated that he did so because Mr. Thompson was held in restrictive custody at the time for striking another inmate, and that "[m]aintaining the safety of the institution and protecting other prisoners constitutes a valid

---

[1] The record does not indicate when Mr. Thompson first was incarcerated in the Riley County Jail or when, if ever, jail officials transferred Mr. Thompson out of restrictive custody and back into the general population.

penological reason for the restriction." He also noted that all religious services at the jail are conducted by private citizens, and a submitted email confirmed that Mr. Hooper agreed to allow a chaplain to visit Mr. Thompson's cell. Also, although none accepted his invitation, Mr. Hooper pointed out that he had actively encouraged Muslim clerics in the community to provide services to inmates in the jail. Finally, jail officials provided Mr. Thompson a copy of the *Koran* and a copy of *A Brief Illustrated Guide to Understanding Islam* while he was incarcerated.

In his motion to reconsider, Mr. Thompson alleges that newly discovered evidence shows that Riley County jail officials ignored the notice he provided them concerning hostility between him and another inmate. He alleges that had jail officials acted on the notice he provided them, they would have prevented the battery that later caused plaintiff's transfer into restrictive custody. In support, he has attached an internal document from the Riley County Jail entitled "Disciplinary Investigator's Report." Plaintiff alleges that Riley County Corrections Officer Tom Unterberger filled out the document following plaintiff's admitted battery of another inmate. He points to an entry on the form that states: "Mr. Tremain Thompson said that prior to the incident he had spoke [sic] to officers Clark, Heubert, Woods about separating Mr. Tremain Thompson and Mr. Brandon Thompson because of problems, agitation with the two of them." Based on this submitted form, plaintiff argues that he would never have been placed in restrictive custody had corrections officers properly responded to notice that an altercation was imminent. He further claims that had he not been placed in restrictive custody, then he would have not have been constitutionally deprived of the free

3

exercise of his religion.

In response, Mr. Hooper contends that Mr. Thompson's motion is time-barred because a Rule 59(e) motion to reconsider must be filed within ten days of a final judgment. Because this court entered final judgment on April 25, 2006, and Mr. Thompson did not file his motion until May 22, 2006, well after the ten day period, Mr. Hooper contends that this court should not consider the motion. In addition, Mr. Hooper offers the conclusory statement that plaintiff's motion to reconsider "does not present any appropriate ground for a reversal" of the final judgment.

## **Standard of Review**

The court first must determine what rule governs the motion to reconsider. Mr. Thompson alleges in his motion to reconsider (doc. 32) that he is proceeding under Fed. Rule Civ. Pro. 59(e). A Rule 59(e) motion, however, must be filed within ten days after the entry of final judgment. *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1241 (10th Cir. 2006). Plaintiff offers various factual excuses why he could not meet the ten day deadline, but they are irrelevant. No matter the basis, "[a] district court may not grant a party additional time to file a proper Rule 59(e) motion." *Id*.

This does not end the court's inquiry, however, because failure to comply with the ten day deadline is not fatal. The court simply converts the Rule 59(e) motion into a Rule 60(b) motion to reconsider: "Whether a motion is construed as a Rule 59(e) or Rule 60(b) motion depends upon the time in which the motion is filed. 'If a motion is served within ten days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is

served after that time it falls under Rule 60(b).'" *Id*. at 1242 (quoting *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991) (internal citation omitted)). Thus, the court will convert "the motion into one brought under Rule 60(b)." *Id*. *See also Price v. Philpot*, 420 F.3d 1158, 1167 (10th Cir. 2005) (advising that "if filed more than 10 days after entry of judgment," a motion to reconsider "is treated as a motion for relief from judgment under Rule 60(b)").

The different rule requires a more difficult showing; a Rule 60(b) motion "may be filed at any time but is subject to more stringent standards." *Id.* at 1239. "Rule 60(b) relief 'is extraordinary and may only be granted in exceptional circumstances.'" *Zurich North America v. Matrix Service, Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) (quoting *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990)). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. . . . It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (internal citations omitted).

As it did at the summary judgment stage, the court is to liberally construe the pleadings of a pro se plaintiff, particularly in this context. *See Bainum v. Sedgwick County Commissioners*, 27 Fed. Appx. 965, 968 (10th Cir. 2001) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam)). That "means that if the court can reasonably read the

pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In his motion to reconsider, Mr. Thompson repeatedly accuses the court of not liberally construing his original complaint, but the court disagrees with his characterizations. Indeed, the language of the court's memorandum and order is self-explanatory and demonstrates the vast extent to which the court liberally construed his complaint, as well as the extent to which the court aided him despite his failure to file a response. The court reiterates that it may not become an advocate for either party, *see id.*, and "will not supply additional facts [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

## ANALYSIS

Mr. Thompson's motion seeks to introduce new evidence concerning the circumstances of the battery that caused his placement in restrictive custody. Thus, his motion is properly construed under Fed. Rule Civ. Pro. 60(b)(2), which affords relief from a final judgment based on "newly discovered evidence which by due diligence could not have been discovered . . . ." *Id*. To prevail under this section, Mr. Thompson must demonstrate that (1) the evidence was newly discovered since the judgment was entered; (2) he was diligent in discovering the new evidence; (3) the newly discovered evidence could not be merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) the newly discovered evidence will

probably produce a different result. *See Zurich North America v. Matrix Service, Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005) (quoting *Graham v. Wyeth Lab.*, 906 F.2d 1399, 1416 (10th Cir.1990)). "Rule 60(b)(2) motions are not favored and may not be used if 'substantially similar' evidence either was or could have been presented had the plaintiff used due diligence." *Lynn v. Simpson*, 2000 WL 1389922, *7 (D. Kan. 2000) (citing *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 727 (10th Cir.1993)).

In applying the requirements of Rule 60(b)(2), the court finds that Mr. Thompson's motion fails under all of the five enumerated requirements except the third. Initially, "[a]s to the new information presented in support of the motion, [Mr. Thompson has] not explained why this information was not presented in [his] initial response to the summary judgment motion." *Fox v. Noram Energy Corp.*, 1999 WL 961226, *5 (10th Cir. 1999). He has not even alleged that this new evidence was not available to him at the time summary judgment was entered, nor has he alleged that he was diligent in obtaining this new evidence. Under the first two requirements of Rule 60(b)(2), then, his motion is denied.

Even if the court actually assesses the materiality of the new evidence, Mr. Thompson is nonetheless not entitled to the extreme remedy of having the court vacate its final entry of judgment. The new evidence he seeks to introduce is an uncertified report that includes nothing more than his own allegations that he provided notice to jail officials at the time he admittedly battered another inmate. The report does not, in fact, contain any admission from a jail official. *Cf. United States v. Cosby*, 983 F. Supp. 1022, 1026 (D. Kan. 1997) ("Defendant's conclusory allegations of the nature of the witnesses' testimony is

insufficient."). Thus, the report is immaterial.

More importantly, the allegations do not alter the reasoning behind the court's entry of final judgment. Mr. Thompson does not refute that he was able to freely exercise his religion, even while he was in restricted custody. He argues that had he not been placed in restrictive custody, then he "would of been able to attend religious services and would not of been in the restricted pod and segregation unlawfully and/or unconstitutionally." To the extent he alleges a new constitutional violation based, independently, on the time spent in restrictive custody, the court denies this claim as it is an entirely new argument that was not raised in his original complaint. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) (opining that a motion to reconsider may not be used as a vehicle to unleash new arguments). The complaint alleged a constitutional deprivation based on free exercise of religion. The court's memorandum and order explained, in detail, why there was no constitutional violation, as a matter of law, because Mr. Thompson retained the ability to freely exercise his religion. Mr. Thompson's purported motion to reconsider side-steps that memorandum and order altogether and, apparently, seeks to make an entirely new claim based on wrongfully spending time in restrictive custody.[2] He does not ask the court to reconsider its earlier judgment; he asks the court to address an entirely new claim. Because that claim was not made in his complaint, however, the court cannot consider it now.

---

[2] The court also notes that Mr. Thompson himself states that his "claim takes on a new color of law" based on the new information he submits, which further demonstrates that plaintiff is alleging an entirely new claim for relief and not directing his motion to the substance of the court's earlier summary judgment order.

8

## Conclusion

For all of the above reasons, the court finds that Mr. Thompson's motion to reconsider is meritless. As a result, he is not entitled to relief.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's motion to reconsider (doc. 32) is denied.

**IT IS SO ORDERED** this 27th day of June, 2006.

                                              s/ John W. Lungstrum
                                              John W. Lungstrum
                                              United States District Judge